UNITED STATES of America, Appellee,

v.

29 ACRES OF LAND, MORE OR LESS, SITUATED IN the COUNTY OF DUNN, STATE OF NORTH DAKOTA, Peter Fredericks, et al., Appellants,

and unknown owners.

No. 86–5071.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1986.

Decided Jan. 21, 1987.

Dale T. White, Boulder, Colo., for appellants.

---

Blake A. Watson, Dept. of Justice, Washington, D.C., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,* Senior District Judge.

FAGG, Circuit Judge.

Peter Fredericks, a member of the Three Affiliated Tribes of the Fort Berthold Reservation in North Dakota, challenges the authority of the United States to condemn a right-of-way across his allotted land. We affirm.

Peter Fredericks is the beneficial owner of allotted land within the Fort Berthold Reservation. Legal title to this land is held in trust by the United States Government. A road running across Fredericks' land provides the sole access to the Celina Mossett residence and other Indian trust lands located in and around the Charging Eagle Bay recreational area. After Fredericks began restricting the flow of traffic on the road, the Three Affiliated Tribes asked the Government to condemn a right-of-way across Fredericks' allotted land.

The Government commenced condemnation proceedings in federal district court. After responding with an answer, Fredericks filed a motion to dismiss. In this motion, he asserted the United States had no authority to condemn a right-of-way across his land. The district court rejected Fredericks' arguments and found that 40 U.S.C. § 257 and 25 U.S.C. § 465 gave the Government authority to condemn.

The parties entered into an agreement stipulating the amount of compensation due Fredericks for the proposed right-of-way across his land. The stipulation expressly preserved Fredericks' right to appeal. The district court then entered judgment.

■ Fredericks now appeals, asserting the Government had no authority to condemn. The Government again relies on 40 U.S.C. § 257 and 25 U.S.C. § 465 as autho-

rization for its condemnation of the right-of-way. The Government contends that because the Secretary of Interior has the authority to purchase land under section 465, the Secretary also has the power to condemn land, as done here, under section 257. We agree.

Section 465 provides in relevant part:

The Secretary of the Interior is authorized, in his discretion, to acquire, through purchase * * * any interest in lands * * * within or without existing reservations, including trust or otherwise restricted allotments, whether the allottee be living or deceased, for the purpose of providing land for the Indians.

25 U.S.C. § 465. Here, it is clear the Government is acquiring the right-of-way for the benefit of the Indians. In fact, the Three Affiliated Tribes initially requested that the Government pursue this condemnation.

■ Under section 257 an officer of the federal government may acquire real estate for the United States by condemnation when that officer otherwise has the authority to acquire real estate for a public use. 40 U.S.C. § 257. Fredericks did not argue in the district court that the condemnation was not for a public use. Thus, the power to purchase granted under another statute, in this instance section 465, includes the power to condemn under section 257. *See United States ex rel. Tennessee Valley Auth. v. Welch*, 327 U.S. 546, 554, 66 S.Ct. 715, 718, 90 L.Ed. 843 (1946). We reject Fredericks' argument that Indians have to be literally landless before the Secretary of Interior is authorized to acquire land for them under section 465. *See Chase v. McMasters*, 573 F.2d 1011, 1015–16 (8th Cir.), *cert. denied*, 439 U.S. 965, 99 S.Ct. 453, 58 L.Ed.2d 423 (1978); *City of Tacoma v. Andrus*, 457 F.Supp. 342, 345–46 (D.D.C. 1978).

In numerous other cases, statutes that authorize real estate acquisitions have been used in conjunction with section 257 to condemn needed lands. *See United States*

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

v. *16.92 Acres of Land,* 670 F.2d 1369, 1371–72 (7th Cir.), *cert. denied,* 459 U.S. 824, 103 S.Ct. 54, 74 L.Ed.2d 60 (1982); *Swan Lake Hunting Club v. United States,* 381 F.2d 238, 240–41 (5th Cir.1967); *Barnidge v. United States,* 101 F.2d 295, 297–98 (8th Cir.1939). Here, we see no reason why section 465 cannot be used with section 257 to condemn the needed right-of-way.

We have considered all of Fredericks' arguments, including his contention that his allotted land is still tribal land protected by treaty. We find them to be without merit. *See Nicodemus v. Washington Water Power Co.,* 264 F.2d 614, 616–17 (9th Cir.1959); *United States v. Minnesota,* 113 F.2d 770, 773 (8th Cir.1940).

Accordingly, we affirm the district court.